## Henry F. Campbell, as Treasurer of the Carbondale Building and Loan Association v. Edward McGuire, Assignee.

1.  PARTNERSHIP—*Debts Due to Individual Partners.*—The individual members of a partnership can not prove a claim against the joint estate in competition with the creditors of the firm, and thereby take a part of the fund, to the prejudice of those who are not only creditors of the partnership, but of such members as well.

Claim in Probate.—Appeal from the County Court of Union County; the Hon. MONROE C. CRAWFORD, Judge, presiding.  Submitted at the August term, 1894.  Affirmed.  Opinion filed March 23, 1895.

ISAAC CLEMENTS, attorney for appellant.

WM. W. CLEMENS and WM. A. SCHWARTZ, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Henry F. Campbell, claiming as treasurer of said loan association, on January 17, 1894, filed a claim of $2,171.28 in said County Court, against the bankrupt estate of Richart & Campbell, of which firm Henry F. Campbell was a member.  Exceptions to the claim were filed on behalf of several creditors, and a hearing was had.  The court disallowed the claim and entered judgment against the claimant for costs.

It appears from the evidence that on August 22, 1893, the firm of Richart & Campbell, bankers, made an assignment for the benefit of their creditors, and then had in the bank $2,171.28 belonging to said loan association, deposited by

Henry F. Campbell, its treasurer, and also a member of the firm, and it was for this debt the claim above mentioned was made. On September 5, 1893, Campbell ceased to be treasurer and E. F. Mitchell was appointed as his successor, and on that day the whole sum of $2,171.28 was paid him, as such treasurer and successor of Campbell, by one Samuel T. Brush, a friend of Campbell, and at his request, to save him from threatened proceedings by the sureties upon his treasurer's bond. From that date, therefore, nothing was due the association from the bankrupt firm.

More than four months thereafter the claim was filed against the bankrupt estate for the liquidated debt, and by Campbell, who had long before ceased to be treasurer, and had no right to collect debts, if there were any due and unpaid to the association. Had there been a debt due the association, Mitchell, his successor as treasurer, alone had the right to file a claim therefor and collect and receive it.

The debt having been paid by Brush and others for Campbell, at his request, he became their debtor for the amount so paid, and having thus satisfied the debt he owed the association, the relation of simple debtor and creditor was created between himself, as an individual, and the firm of Richart & Campbell, the liability of which firm to him as a depositor of the said sum, was not discharged by the payment of said debt to the association. His claim, had he filed it, being divested, as it was, of its trust character, and merely being an individual claim, could not be permitted to share equally with firm claims, but could only be allowed, he being a member of the bankrupt firm, to reach the surplus of the firm assets assigned. It is a clear and well established rule, that the individual partner can not prove a claim against the joint estate in competition with the creditors of the firm, who are, in fact, his own creditors, and thereby take part of the fund, to the prejudice of those who are not only creditors of the partnership, but of himself. Stratton v. Tabb, 3d Ill. App. Rep. 228; Newlin, Admr., v. Bailey, 15 Ibid. 199. We are of opinion said claim filed by Campbell, as treasurer, was properly disallowed, and the judgment of the County Court is affirmed.